W. G. DIX ET AL. v. R. H. PRUITT ET AL.

(Filed 15 December, 1926.)

**Appeal and Error—Judgment—Verdict Set Aside—Religious Societies— Church Property Custodian.**

Where the controversy with regard to the custody of church property depends under the rules of a religious denomination, upon whether the one chosen was qualified to act as pastor, it is reversible error for the trial judge, as a matter of law, to set aside a verdict for the plaintiff upon the ground that the pastor had not been chosen at a duly constituted meeting of the congregation.

APPEAL by plaintiffs from *Lane, J.,* at February Term, 1926, of ROCKINGHAM. Error.

This is an action to declare the plaintiffs the owners of certain church property and to enjoin the defendants from interfering with the use and control thereof or in any way obstructing the exercise of the plaintiff's rights therein. A concise statement of the material allegations in the complaint is essential to an understanding of the controversy and to the positions taken by the parties as to their alleged rights.

The Dan River Primitive Baptist Church was organized in Ruffin Township, Rockingham County, in 1884, and in 1900 it bought land and a church building and had the conveyance made to R. H. Pruitt and W. G. Dix as trustees. This church was governed by the rules, customs and usages of the regularly constituted Primitive Baptist denomination, some of which were written and some unwritten. One of the usages is that when a member has been excluded from one church he cannot unite with another of the same faith without first being restored by the church of which he had been a member, and the church that expelled him must withdraw fellowship from any other Primitive Baptist Church that receives him in disregard of the usage. In 1920 J. R. Wilson was called by the Dan River Primitive Baptist Church as its pastor. He had theretofore been a member of the Danville Primitive Baptist Church, and had been excluded from its membership. At the time he was called by the Dan River Church he was not a member of either of these churches. It is alleged that his credentials had been canceled and that he was no longer qualified under the usages of the churches to serve in the capacity of pastor. At a meeting of the Dan River Church held in September, 1923, objection was made to Wilson, as pastor, but it was contended that a majority of those present voted to retain him, and he has since continuously held possession of the church property to the exclusion of the plaintiffs. On 9 October, 1923, the plaintiffs "declared non-fellowship" with the defendants and those united with them in interest. In the Dan River Church there are two factions, one seeking to exclude the other and to recover the church property, and the other retaining possession and denying the plaintiffs' right to recover.

Issues were submitted and answered as follows:

1. Were the plaintiffs and those united with them the sole and only members of the Dan River Primitive Baptist Church on 9 October, 1923? Answer: Yes.

2. Are the plaintiffs and those united in interest with them entitled to the possession of the Dan River Primitive Baptist Church and its records, as alleged in the complaint? Answer: Yes.

The verdict was set aside as a matter of law.

---

---

*Sharpe & Crutchfield and King, Sapp & King for plaintiffs.*
*P. W. Glidewell and Brooks, Parker & Smith for defendants.*

PER CURIAM. We think his Honor was in error in setting aside the verdict as a matter of law. His conclusion seems to have been based principally, if not entirely, on the action which was taken in a meeting held at the Dan River Primitive Baptist Church on 9 October, 1923, and this action was held to be void by reason of the minority of the members, the time of meeting, the want of notice to the defendants, and the lack of power to exclude them without notice. Upon these grounds it was adjudged that the action of the minority in the meeting was of no effect. This was a misapprehension of the situation. The cause of the action is not dependent on what was done in the meeting of 9 October, for if no such meeting had been held the relative rights of the parties to the church property were still open to litigation. The merits of the controversy embrace questions which may be only incidentally connected with the meeting referred to.

While the judgment must be reversed, we do not now pass upon the question whether the judgment tendered by the plaintiffs should have been signed. The defendants may have other exceptions to be considered on their motion to set aside the verdict or reasons for asking that it be set aside as a matter of discretion. If judgment is rendered for the plaintiffs upon the verdict the defendants will have the opportunity to present for review any exceptions taken and entered of record.

Error.